**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ENGLAND,<br><br>    Plaintiff,<br><br>  v.<br><br>ROBERT HOREL; et al.,<br><br>    Defendants.<br>                                     / | No. C 10-153 SI (pr)<br><br>**ORDER DENYING MOTION TO DISMISS** |

**INTRODUCTION**

Robert England, an inmate at Pelican Bay State Prison, filed a *pro se* civil rights action under 42 U.S.C. § 1983, the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 *et seq.* ("ADA"), and Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* The court reviewed the complaint and determined that it stated claims under § 1983, the ADA, and the Rehabilitation Act, and ordered process served on several defendants. Defendants now move to dismiss the ADA claims and Rehabilitation Act claims as time-barred. England has not opposed the motion.

**BACKGROUND**

As relevant to defendants' statute of limitations challenge to the ADA and Rehabilitation Act claims, England alleges the following in his complaint:

Since his right arm was amputated in 1986, England "has had to take pain medication for nerve damage and extreme pain." Complaint, p. 7. In 2000, he suffered injuries to the left side of his body and had to have surgery on his left shoulder, left elbow and left wrist. *Id.* He summarizes his medical problems thusly: he "is missing his right dominant hand and suffers from extreme pain(s), and is suffering from nerve damage on both sides of his body. As well

as muscular atrophy and/or dystrophy." *Id.* at 1.

Until 2002, he had cellmates who would assist him with daily living activities, such as washing clothes, cleaning the cell, grooming, and writing. *Id.* at 7. Since 2002, he has been single-celled and prison officials have refused to move another willing and compatible cellmate in with him. *Id.* He thus has had to do all his daily living chores without help. *Id.* Doing various life activities causes great pain for him due to the "above-mentioned disabilities on both side of his body." *Id.* at 10. For example, he has difficulties writing, cleaning his cell, washing his clothes, trimming his nails, cutting his hair, making his bed, and reaching into his storage space. *Id.* at 8-12.

England submitted a reasonable modification or accommodation request form ("ADA request form") on September 26, 2006. *Id.* at 13. The request was denied without an adequate investigation having been performed. *Id.* at 13-14.

England submitted a second ADA request form on July 27, 2007. *Id.* at 15. There were difficulties in having this form processed, but eventually he received some but not all of the modifications he requested. *Id.* at 16-22. He later filed a third ADA request. *See id.* at 25.

**DISCUSSION**

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss on the ground that there is a "failure to state a claim upon which relief may be granted." A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). The court "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, ___ (2007), but need not accept as true allegations that are legal conclusions, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, *amended*, 275 F.3d 1187 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a Rule 12(b)(6) motion usually is not available to raise an affirmative defense, it may be used when the complaint contains allegations showing a complete defense or bar to recovery, such as a statute of limitations problem. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). Dismissal on statute of limitations grounds can be granted pursuant to Rule 12(b)(6) "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled," *Jablon*, 614 F.2d at 682, and the limitations period had expired.

Defendants move under Rule 12(b)(6) to dismiss the ADA and Rehabilitation Act claims on the ground that those claims are time-barred. The motion requires the court to determine the date this action commenced, the applicable limitations period, and the date on which the causes of action accrued – with the last determination being the critical one here.

This action was deemed filed as of January 4, 2010, the date of the postmark on the envelope in which the complaint arrived at the court. *See generally Houston v. Lack*, 487 U.S. 266, 276 (1988) (describing prisoner mailbox rule).

The ADA does not contain its own statute of limitations,[1] so the court applies the "statute of limitation of the most analogous state law." *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1137 n.2 (9th Cir. 2002). The Ninth Circuit has not yet decided which California statute is applicable, but most district courts have applied the state's limitations period for personal injury actions. *Id.* This court also will apply the California limitations period for personal injury actions. The general residual statute of limitations for personal injury actions is the two-year period set forth in California Code of Civil Procedure § 335.1.[2]

The federal court must give effect to a state's tolling provisions. See Hardin v. Straub,

---

[1] There is no significant difference in the analysis of rights and obligations created by the ADA and the Rehabilitation Act. *Zukle v. Regents of the University of California*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999).

[2] California formerly had a one-year limitations period for personal injury actions until it was replaced with a two-year limitations period that became effective on January 1, 2003. The two-year period "applies to actions not already time-barred by the one-year statute of limitations [in former §340(3)] when section 335.1 became effective on January 1, 2003." *Andonagui v. May Dept. Stores Co.*, 128 Cal.App.4th 435, 440 (Cal. Ct. App. 2005).

3

490 U.S. 536, 543-44 (1989). The limitations period will be tolled for the disability of imprisonment for a maximum period of two years for a prisoner serving a sentence of "less than for life." *See* Cal. Code Civ. Proc. § 352.1. A prisoner thus normally has four years to bring an ADA claim for damages in California, i.e., the regular two years allowed under § 335.1 plus two years during which accrual was postponed due to the disability of imprisonment.

Although the length of the limitations period is borrowed from state law, the court looks to federal law to determine when a cause of action accrues and the statute of limitations begins to run on a federal claim. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See TwoRivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1999). But accrual ultimately depends on the substantive basis of the claim. *See, e.g., Wallace*, 549 U.S. at 388 (statute of limitations on a wrongful arrest/wrongful imprisonment claim begins to run when the false imprisonment ends – when the plaintiff's confinement is no longer without legal process but instead becomes a confinement pursuant to legal process, as, for example, when he or she is bound over by a magistrate or arraigned on charges).

Defendants contend the ADA and Rehabilitation Act causes of action accrued in 2002, because that was the date on which England became single-celled and ceased having cellmates who could help him with his basic chores. The court disagrees. England did allege that, "since 2002, prison officials (defendants) have refused to move another willing and compadable (sic) cell-partner in with him, citing various reasons." Complaint, p. 7. However, England did not allege that he requested a cellmate as an ADA modification in 2002, or that defendants denied a cellmate in 2002 knowing one had been requested as an ADA modification. In his first claim for relief, England alleges that defendants violated the ADA and Rehabilitation Act by their "refusal to acknowledge that plaintiff has disabilities . . . or to have a fully qualified expert examine/test plaintiff as needed to determine what accommodations are necessary." Complaint, p. 33; *see also id.* at 39 (third claim for relief alleges refusal or delay in processing second ADA request). These allegations that defendants refused his requests with regard to his disabilities refer to the reception his ADA requests received on an after September 26, 2006. Those ADA

4

requests and denials occurred within four years of the filing of the complaint: his first ADA request allegedly was submitted on September 26, 2006, *see id.* at 13, and his complaint was filed less than four years later, on January 4, 2010. Although an ADA claim based on acts or omissions earlier than January 4, 2006 would be time-barred, the court does not see the complaint as asserting such a claim.

England may have requested a cellmate in 2002, but the complaint does not allege that England asked for a cellmate as an aid to overcome limitations resulting from his disabilities and does not allege that defendants understood him to be requesting an ADA reasonable modification in 2002. His ADA and Rehabilitation Act claims did not accrue when his allegedly involuntary single-cell status started in 2002. Instead, they accrued and the limitations period commenced when defendants refused his ADA request for a reasonable modification on and after September 26, 2006. *See generally Soignier v. American Board of Plastic Surgery*, 92 F.3d 547, 552 (7th Cir. 1996) (ADA limitations period did not begin to run when plaintiff first failed exam in 1983 but instead began in November 1992, when plaintiff completed the second exam and was aware that the Board had conducted the second exam without the modifications he allegedly deserved); *see also id.* (post-November 1992 refusals of additional modifications by the Board were "'future confirmation' or 'consequential' of the surgeon's alleged injury. These actions do not constitute new, separate discriminatory acts actionable under the ADA.") It cannot be determined from the face of the complaint that the ADA and Rehabilitation Act claims are barred by the statute of limitations.

## CONCLUSION

Defendants' motion to dismiss the complaint as time-barred is DENIED. (Docket # 8.) In order to move this case toward resolution, the court now sets the following briefing schedule for any motion for summary judgment:

1. Defendants must file and serve their dispositive motion no later than **September 23, 2011**.

2. Plaintiff must file and serve on defense counsel his opposition to the

5

dispositive motion no later than **October 28, 2011**.

3. Defendants must file and serve their reply brief (if any) no later than **November 18, 2011**.

IT IS SO ORDERED.

Dated: July 19, 2011

_____
SUSAN ILLSTON
United States District Judge