UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ENGLAND, | No. C 10-0153 SI (PR) |
| Plaintiff, | **ORDER PROVIDING *RAND* SUMMARY JUDGMENT NOTICE;** |
| v. | **ORDER SETTING BRIEFING SCHEDULE** |
| ROBERT HOREL, et al., | |
| Defendants. | |

A recent decision from the Ninth Circuit requires that *pro se* prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, No. 09-15548, slip op. 7871, 7874 (9th Cir. July 6, 2012). Accordingly, the Court now provides the following notice to plaintiff for his information in connection with the defendants' pending motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is

properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998). The Court informed plaintiff of the *Rand* requirements in the order of service. (Docket No. 3.)

Defendants' motion for summary judgment was filed on September 22, 2011; plaintiff's opposition was filed on December 19, 2011, and defendants' reply was filed on January 19, 2012. It does not appear necessary here for defendants to file a new motion for summary judgment to comply with the newly-announced requirement in *Woods v. Carey*. Instead, the Court will permit plaintiff to file a replacement opposition to the motion for summary judgment, or to supplement his existing opposition to the motion for summary judgment — whichever he prefers. Although evidence is not subject to a page limit, any accompanying legal brief is: (a) if plaintiff files a replacement opposition, the opposition legal brief may not exceed 25 pages in length, and (b) if plaintiff files a supplement to his existing opposition, the supplemental legal brief may not exceed 10 pages in length. The Court sets the following deadlines for defendants' pending motion for summary judgment:

1. Plaintiff must file and serve on defense counsel his replacement or supplemental opposition to the motion for summary judgment no later than **August 10, 2012.**

2. Defendants must file and serve any supplemental reply brief (if any) no later than **August 24, 2012.**

**IT IS SO ORDERED**.

DATED: July 10, 2012

SUSAN ILLSTON
United States District Judge

2